# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) | CASE NO. 1:11-CV-2598 |
| Plaintiff, | ) ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| | ) ) | |
| MLINAC REALTY, LLC, | ) ) | |
| Defendants, | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation, (ECF #16), submitted on January 7, 2013, recommends that Defendant Mlinac Realty, LLC's Motion to Dismiss the Complaint (ECF #8) be granted. For the reasons stated herein, the Court DECLINES TO ADOPT the Report and Recommendation.

The facts and transactions which give rise to this case are the same as those in *National Credit Union Administrative Board, in its capacity as Liquidating Agent for St. Paul Croatian Federal Credit Union v. Marinac LLC, et al.*, Case NO. 1:10-CV-02505. While Defendant Mlinac Realty, LLC was not named as a defendant in that suit, Petar Mlinac was named a defendant. Petar is the sole member of Mlinac Realty, LLC. Plaintiff National Credit Union Administration Board (NCUAB) is the plaintiff in both the underlying action, as well as the

-1-

current action. The underlying action was assigned to Judge Benita Y. Pearson, and referred to Magistrate Judge Baughman.

During a telephonic status conference held November 1, 2011, NCUAB requested and was granted leave to file a motion to add "additional parties" on or before November 18, 2011. (ECF #85, Case NO. 1:10-CV-02505.) The additional party contemplated and explicitly discussed was Mlinac Realty, LLC. NCUAB chose not to file a motion to add Defendant Mlinac Realty, LLC to the underlying action, but instead filed this separate, timely action against Defendant Mlinac Realty, LLC on November 29, 2011. Defendant Mlinac Realty, LLC was never added in any capacity to the underlying action.

On March 7, 2012, this Court issued an order referring this case to Magistrate Judge Baughman for all pretrial proceedings. Thus, Magistrate Judge Baughman had both this case, as well as the underlying case on his docket. On November 19, 2012, Magistrate Judge Baughman issued a Report and Recommendation to Judge Pearson recommending summary judgment be granted against Petar Mlinac, individually, for recovery of the loan amount at issue. On December 13, 2012, Magistrate Judge Baughman recommended to Judge Pearson that Petar Mlinac be entitled to default judgment in the underlying case against cross-defendants: Dragan Maric; Marinac, LLC; and Meteor Company, Inc.

The Magistrate Judge entered a Report and Recommendation in this action on January 7, 2013 (ECF #16) addressing Defendant Mlinac Realty, LLC's Motion to Dismiss. (ECF #8.) Among other things, Magistrate Judge Baughman concluded that Plaintiff's complaint is moot because the matter was previously adjudicated. Plaintiff filed a timely objection to the Report and Recommendation. (ECF # 18). Thus, the Report and Recommendation is ripe for review.

The Court declines to adopt the Report and Recommendation because the matter is not moot. The Magistrate Judge believed that Defendant Mlinac Realty, LLC was a party in the underlying case and relief was granted against it. This, however, is not the case. Defendant Mlinac Realty was never added as a defendant or cross claim defendant in the underlying suit. Until the filing of this action, Plaintiff never sought, or was granted, relief against Defendant Mlinac Realty, LLC in relation to the facts and circumstances presented here. Nor was any relief proposed or granted in favor of cross-claimant Petar Mlinac against Defendant Mlinac Realty, LLC. Thus, dismissal on the assumption that relief has been previously awarded against Defendant Mlinac Realty, LLC is unwarranted.

Moreover, Plaintiff's claim for relief is distinct from the claims for relief in the underlying case, thus entitling it to be heard and not dismissed. The claim presented, fraudulent transfer, is not one of the four counts alleged in the underlying complaint. The claim of fraudulent transfer is a claim not yet adjudicated and the claim's statute of limitation had not lapsed at the time it was brought. Therefore, the fraudulent transfer claim is neither moot nor unripe for judicial review and may properly be brought.

Therefore, the Court DECLINES TO ADOPT the Report and Recommendation (ECF #16) of the Magistrate Judge. The Motion of Defendant Mlinac Realty, LLC to Dismiss (ECF #8) is denied. A status conference is set for April 2, 2013 at 11:00 AM before this Court in Chambers 15A.

**IT IS SO ORDERED.**

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: March 20, 2013